UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN JOSEPH SCHMITTLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-572-DRH |
| | ) |
| THE CITY OF BELLEVILLE, An Illinois | ) |
| Municipal Corporation; JEFFREY VERNATTI, | ) |
| both in his individual capacity and in his capacity | ) |
| as a police officer for the City of Belleville, Illinois; | ) |
| AARAN NETEMEYER, both in his individual | ) |
| capacity and in his capacity as a police officer for | ) |
| the City of Belleville, Illinois; and MARK | ) |
| HEFFERNAN, both in his individual capacity and | ) |
| in his capacity as a police officer for the City of | ) |
| Belleville, Illinois, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, City of Belleville, Jeffrey Vernatti, Aaron Netemeyer, and Mark Heffernan, by their attorneys, Julie A. Bruch, and Clifford G. Kosoff, for their memorandum in support of their Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the Complaint of plaintiff Bryan Joseph Schmittling "Schmittling", state as follows:

Schmittling has filed a five count complaint against the City of Belleville and three Belleville Police Officers alleging violations of his civil rights as well as pendent state law claims. A copy of the Complaint is attached and incorporated as Exhibit 1 to defendants' motion. All defendants now move to dismiss the complaint.

Schmittling initially sets forth a series of allegations in roman numerals with multiple allegations and claims within each paragraph. He then switches to regular numbering to set out five counts alleging violations of both state and federal law. Within each count are claims for various Constitutional violations as well as state law violations.

Schmittling alleges that at the time of his arrest by the Belleville police, Officer Vernatti used excessive force during the course of taking him into custody and Officers Heffernan and Netemeyer who were also present on the scene refused to render him aid.  He further alleges that Officers Vernatti and Netemeyer then conspired to prepare false police reports and the entire course of conduct constituted a state law battery and was a result of the officers' intentionally trying to cause him emotional distress in violation of Illinois state law.

Schmittling alleges that this wrongful conduct on the part of defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, the provisions of 42 U.S.C. §1983, the constitution of the State of Illinois, and laws of the State of Illinois, "including without limitation the provisions of 725 ILCS 5/103-2(c)." As a result of this alleged wrongful conduct, Schmittling seeks compensatory, punitive, and exemplary damages as well as attorneys' fees and costs in all five counts of his complaint.

## ARGUMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit.  *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When evaluating a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Hentosh v. Herman M. Finch Univ. of Health Sciences*, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Leford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).

**I.     Belleville should be dismissed as a party to Counts I-III because it cannot be held vicariously liable for civil rights violations allegedly committed by its employees.**

Belleville moves to dismiss Counts I- III because it cannot be held vicariously liable for civil rights violations allegedly committed by its employees.  *Monell v. New York Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978).  Rather, the government as an entity can

2

only be held liable under section 1983 "when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.*  In Count I, Schmittling alleges that by virtue of the battery, Officer Vernatti violated the rules and regulations of the Belleville Police Department. *See* Count I, ¶5.  Therefore, by Schmittling's own admission, no custom or policy of Belleville caused him injury because the battery, if true, would have violated Belleville's own policies.  In Counts II and III, Schmittling does not make any allegations that would fall within the requirements of *Monell*.  Accordingly, Belleville should be dismissed as a party in Counts I-III.

## II. Officers Vernatti, Netemeyer and Heffernan in their official capacities should be dismissed as parties to Counts I-III because the complaint does not satisfy the requirements of *Monell.*

Officers Vernatti, Netemeyer, and Heffernan move to dismiss Counts I-III in their official capacities on the basis that Schmittling has failed to allege that his injury resulted from the execution of an official policy, custom, or practice.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  In *Monell*, the Court noted that official capacity suits generally represent another way of pleading an action against the governmental entity.  *Id.* at 691.  Therefore, same requirements set forth above with respect to pleading a civil rights claims against Belleville apply to the official capacity claims brought against the officers.  Since there are no allegations in Counts I-III that satisfy *Monell*, the individual officers should be dismissed as parties in their official capacities.

## III. Counts I-III should be dismissed because violations of the Illinois constitution and Illinois state statutes cannot form the basis of a constitutional claim.

All defendants move to dismiss Counts I-III to the extent that Schmittling is claiming constitutional violations based on alleged violations of the Illinois constitution and Illinois state statutes.  An alleged violation of state law cannot form the basis of a constitutional claim.  *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989).  As the *Archie* court noted, treating a violation of state law as a violation of the Constitution is to

make the federal government the enforcer of state law which constitutes an intrusion on state sovereignty. *Id.* Therefore, Schmittling cannot state a claim in Counts I-III for violations of the Illinois constitution, Illinois state statutes, Illinois laws or, more specifically, an alleged violation of 725 ILCS 5/103-2(c).

**IV.     Counts I-III should be dismissed because claims under the Fifth Amendment only apply to federal officials.**

All defendants move to dismiss Schmittling's claims in Counts I-III under the Fifth Amendment because the Fifth Amendment only applies to federal officials. *Johnson v. Carroll*, 694 F.Supp. 500, 504 (N.D. Ill. 1988). The Fifth Amendment's due process clause imposes an obligation on the federal government to afford its citizens the equal protection of the laws. *Gillespie v. City of Indianapolis*, 185 F.3d 693, 708 (7th Cir. 1999). Therefore, the Fifth Amendment's due process clause has no application to section 1983 claims brought against local units of government or their employees. *Caldwell v. Miller,* 790 F.2d 589, 602 (7th Cir. 1986).

**V.      Counts I-III should be dismissed because Schmittling has failed to allege sufficient facts to state a cognizable claim under the Fourteenth Amendment.**

All defendants move to dismiss Schmittling's claims in Counts I-III under the Fourteenth Amendment because Schmittling has failed to allege sufficient facts to state a cognizable claim under the Fourteenth Amendment. Pursuant to *Graham v. Connor*, 490 U.S. 386, 388 (1989), in the vast majority of instances, an excessive force claim should be analyzed under the Fourth Amendment's "objective reasonableness" standard rather than under a substantive due process standard. Because section 1983 claims of excessive force are Fourth Amendment claims, to the extent that Schmittling seeks to bring a claim within the same counts for a Fourteenth Amendment violation, those courts should be dismissed.

VI. **Count I should be dismissed because claims under the Eighth Amendment only apply after an individual has been convicted.**

Defendants Belleville and Vernatti move to dismiss Schmittling's claims in Count I under the Eighth Amendment because the Eighth Amendment only applies after an individual has been convicted. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989).

VII. **Count III should be dismissed because the intracorporate immunity doctrine bars claims for conspiracy under section 1983.**

Defendants Belleville, Vernatti, and Netemeyer move to dismiss plaintiff's claims in Count III for civil conspiracy on the basis that the intracorporate immunity doctrine bars claims for conspiracy brought under section 1983. *Doe v. Bd of Educ.*, 833 F.Supp. 1366, 1382 (N.D. Ill. 1993). The doctrine bars a section 1983 conspiracy case where proof of a discriminatory act reflects the collective judgment of two or more individuals in the same firm. *Id.* Here, because the officers are all employees of the City of Belleville, the intracorporate immunity doctrine bars the claims in Count III.

VIII. **Count III should be dismissed because there is no constitutional injury.**

Alternatively, defendants Belleville, Vernatti, and Netemeyer move to dismiss Count III on the basis that Schmittling cannot allege that any alleged conspiracy violated his constitutional rights. Schmittling alleges in Count III that Officers Vernatti and Netemeyer conspired to falsify their police reports. Count III, ¶18. Even if Schmittling's allegations are true, any statements contained in the officer's police reports did not prejudice Schmittling's ability to seek redress against them.

As set forth in his complaint, Schmittling was present during the entire course of events that form the basis of his lawsuit. Schmittling has not alleged that there are additional facts that subsequently came to his attention after he discovered that the officers supposedly wrote inaccurate reports of their contact with him.

In *Vasquez v. Hernandez*, 60 F.3d 325 (7th Cir. 1995), the plaintiff was struck in the ear by a stray bullet while in her home. Plaintiff's neighbor, a police officer, blamed the incident on gang members who may have intended to harm him. Over six months later, the Illinois State Police determined through an independent investigation that the off-duty officer and some of his co-workers were shooting at a target in the officer's backyard and one of their shots accidentally struck the plaintiff. The Seventh Circuit affirmed summary judgment on the plaintiff's conspiracy claim against the officers on the basis that the plaintiffs were ultimately not prevented from pursuing a tort action in state court. 60 F.3d at 329.

Here too, based on the allegations in the complaint, Schmittling was aware at the time of his arrest that the officers allegedly violated his rights. That the officers may deny doing so has not prevented him from filing this lawsuit or in any way reduced the value of his case. Therefore, Count III should be dismissed with prejudice.

**IX.    Count V fails to state a claim for intentional infliction of emotional distress.**

Defendants all defendants move to dismiss Count V on the basis that the allegations fail to rise to the level of extreme or outrageous conduct in order to state a cause of action for intentional infliction of emotional distress. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 92, 360 N.E.2d 765 (1976). In order to state a claim for intentional infliction of emotional distress, plaintiff must set forth evidence that (1) the officer's conduct was extreme and outrageous; (2) the officer either intended to inflict severe emotional distress or knew that there was a high probability that its conduct would do so; and (3) the officer's conduct actually caused severe emotional distress. *Welsh v. Commonwealth Edison Co.,* 306 Ill.App.3d 148, 154, 713 N.E. 2d 679, 683 (1st Dist. 1999)(*citing McGrath v. Fahey,* 126 Ill. 2d 78, 86, 533 N.E. 2d 806, 809 (1988)). Mere insults, indignities, threats, annoyances, petty oppressions or other trivialities do not qualify as outrageous conduct. *McGrath*, 126 Ill.2d at 86, 533 N.E.2d 806. Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency. *Id.*

Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case. *Id.* at 90, 533 N.E.2d 806. Not every battery will satisfy the extreme and outrageous requirement for an intentional infliction of emotional distress claim. *DuFour-Dowell v. Cogger*, 969 F.Supp. 1107, 1123 (N.D. Ill. 1997). While all conduct is not immunized, more latitude is given to a defendant pursuing his legitimate objectives. *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 92, 360 N.E.2d 765 (1976).

Based on the allegations in the complaint, Schmittling alleges that Officer Vernatti instructed him that he was under arrest. Schmittling does not allege that Officer Vernatti lacked probable cause to arrest him. Therefore, Officer Vernatti had a legitimate objective to place Schmittling under arrest. Schmittling further acknowledges that after Officer Vernatti ordered him to get on the ground, he did not comply. Complaint ¶XI. Therefore, Officer Vernatti had a legitimate objective to utilize his taser to assist in placing Schmittling under arrest.

With respect to Officers Netemeyer and Heffernan, Schmittling does not allege that either of them had physical contact with him or engaged in any activity whatsoever that could be characterized as extreme or outrageous.

In *DuFour-Dowell v. Cogger*, 969 F.Supp. 1107, 1123 (N.D. Ill. 1997), the court dismissed a claim of intentional infliction of emotional distress claim where there was probable cause for the arrest and some justification for the attempt to restrain the plaintiff. Here too, there was probable cause for Schmittling's arrest and justification for both the attempts to restrain him as well as the use of force when he failed to comply with officer commands. Additionally, to the extent that Schmittling claims injury, by his own admission in his pleading, his injuries were caused by his being an unrestrained driver in a roll-over single vehicle accident. The conduct of

7

the officers was neither extreme nor outrageous in order to state a claim in Count V against any of the defendants.

**X.      Claims for punitive damages and attorney fees should be stricken.**

All defendants move to strike Schmittling's claims for punitive damages in Counts I-III against Belleville and the officers in their official capacities and the claims for punitive damages against all defendants in Counts IV and V because punitive damages are not available as a matter of law. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762 (1981). Schmittling can only seek punitive damages against the officers in their individual capacities.

All defendants also move to strike Schmittling's claims for attorney fees in Counts IV and V on the basis that attorney fees are not recoverable for state law tort claims. *Scoby v. Civil Service Commission of East St. Louis*, 253 Ill.App.3d 416, 624 N.E.2d 439 (5th Dist. 1993).

**XI.     The complaint violates Federal Rule of Civil Procedure 10(b).**

Defendants further note that the complaint violates Federal Rule of Civil Procedure 10(b). That section provides as follows:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

While defendants recognize that a violation of Rule 10(b) is not a basis to dismiss a complaint, they request that in the event that plaintiff is granted leave to file an amended complaint, that the amendment comply with Rule 10(b) in that separate claims and set of circumstances be set forth in separate paragraphs and counts.

WHEREFORE, defendants City of Belleville, Jeffrey Vernatti, Aaraon Netemeyer, and Mark Heffernan pray that this Court grant their motion to dismiss for the reasons set forth herein.

    City of Belleville, Jeffrey Vernatti,
    Aaron Netemeyer, and Mark Heffernan,


    Julie A. Bruch By:  s/Julie A. Bruch
    Julie A. Bruch Bar Number: 6215813
    Attorney for Defendants
    O'Halloran, Kosoff, Geitner & Cook, P.C.
    650 Dundee Road, Suite 475
    Northbrook, Illinois 60062
    Telephone: (847) 291-0200
    Fax: (847) 291-9230
    E-mail: jbruch@okgc.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on September 9, 2005, I electronically filed the foregoing Defendants' Memorandum in Support of Motion to Dismiss Plaintiff's Complaint and supporting Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

 David W. Cody
 Beck & Cody, L.C
 3206 Shenandoah Ave
 St. Louis, MO  631074
 (314) 772-2889
 dcody@beckcodylaw.com

         Respectfully submitted,


         /s/Julie A. Bruch
         O'Halloran, Kosoff, Geitner & Cook, P.C.
         650 Dundee Road, Suite 475
         Northbrook, Illinois 60062
         (847) 291-0200
         jbruch@okgc.com